RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/8/14
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK DAMON RAINWATER<br>FED. REG. #25805077 | DOCKET NO. 14-CV-761, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN WERLICH | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Derrick Damon Rainwater filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the Northern District of Texas for robbery and using and carrying a firearm during a crime of violence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

In 1994, Rainwater was convicted of six counts of robbery and five counts of using a firearm during a crime of violence. [3:94-cr-042 N.D.Tex.] In this case, he challenges the validity of his conviction in light of a recent Supreme Court case.

*Law and Analysis*

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set

aside sentence under 28 U.S.C. §2255. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). 28 U.S.C. §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1001 (2001).

Petitioner has filed several motions to vacate pursuant to 28 U.S.C. §2255, and all have been dismissed. [3:03-cv-259 (N.D.Tex.); 3:05-cv-191 (N.D.Tex.); 3:10-cv-2017 (N.D.Tex.); 3:96-cv-944 (N.D.Tex.)] Additionally, the Fifth Circuit Court of Appeals has repeatedly denied permission to file a successive 2255 motion. [No. 11-10002; No. 10-11081; No. 06-10632; No. 05-10269; No. 04-10181]

Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-*

*judge panel of the court of appeals before the successive motion is filed in federal district court.* Petitioner has not obtained permission from the Fifth Circuit Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903. Althought

3

Petitioner references the Supreme Court case of <u>United States v. Rosemond</u>, 134 S. Ct. 1240 (2014), this case has not been declared retroactively applicable by the Supreme Court.

Petitioner has failed to demonstrate that §2255 is inadequate or ineffective or that he has obtained permission to file a second §2255 motion, which would have to be filed in the district of conviction.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED** for lack of jurisdiction. Petitioner must obtain permission from the Fifth Circuit Court of Appeals prior to filing a second or successive habeas corpus petition.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 7th day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE